UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

GIGI LO,
a New York citizen and resident,

     Plaintiff,

v.

NCL (BAHAMAS) LTD., a Bermuda
corporation d/b/a NORWEGIAN
CRUISE LINES,

     Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff GIGI LO, a New York citizen and resident, and files this Complaint against Defendant, NCL (BAHAMAS) LTD, a Bermuda corporation with its principal place of business in Florida, doing business as NORWEGIAN CRUISE LINES, and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff, GIGI LO, is *sui juris* and is a permanent resident and citizen of New York.

3. Defendant NCL (BAHAMAS) LTD. is a Bermuda corporation with its principal place of business in Miami, Miami-Dade County, Florida. At all material times Defendant NCL (BAHAMAS) LTD. has done business under the fictitious name "NORWEGIAN CRUISE

LINES" (hereinafter "NORWEGIAN" or "Defendant"). For federal jurisdictional purposes, NORWEGIAN is both a citizen of Bermuda and a citizen of Florida.

4. Subject matter jurisdiction exists, based on diversity of citizenship pursuant to 28 U.S.C. §1332; Plaintiff is a resident and citizen of the State of New York, while Defendant is a citizen both of Florida and of Bermuda for jurisdictional purposes. The damages claimed exceed $75,000.00, the minimum jurisdictional amount required for diversity of citizenship cases. The Plaintiff's injuries, including a trimalleolar ankle fracture requiring surgical repair, support an award of damages in excess of $75,000.00.

5. At all material times, NORWEGIAN has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, creating continuous and systematic contacts with the State of Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district.

8. The Defendant's principal place of business is located in Miami-Dade County Florida, within this judicial district. Accordingly, venue is proper in this Court.

9. Plaintiff has complied with all conditions precedent to bringing this action including providing NORWEGIAN with timely written notice of claim as required by the ticket

contract. A copy of the written notice of claim, dated July 26, 2023, is attached hereto as *Exhibit A*.

## LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS

10. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the "GEM."

11. At all material times, the Plaintiff was a fare-paying passenger on board the "GEM" and in that capacity was lawfully present on board the vessel.

12. On the night of April 19, 2023, Plaintiff was dancing in the Spinnaker Lounge, located on Deck 13 of the "GEM." While she was dancing, a large male passenger, who was visibly intoxicated, was dancing erratically throughout the dance floor. This passenger, due to his erratic movement and level of intoxication preventing him from controlling his movements, fell onto the Plaintiff's right ankle, thereby causing the Plaintiff to fall to the floor and sustain the injuries described in Paragraph 13 below.

13. As direct and proximate result of the large male passenger falling onto the Plaintiff, the Plaintiff was injured in and about her body and extremities, sustaining injuries including a trimalloelar ankle fracture requiring surgical repair, and suffered pain therefrom, and sustained mental anguish, disfigurement, disability and the inability to lead a normal life, and aggravation or activation of preexisting conditions. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses in the past and future as a result of his injuries. The future medical and health care expenses are reasonably certain to occur. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

**COUNT I**
**NEGLIGENCE OF NORWEGIAN – DIRECT LIABILTY- NEGLIGENT MAINTENANCE AND SUPERVISION AND FAILURE TO CORRECT DANGEROUS CONDITION**

14. The Plaintiff adopts, re-alleges, and incorporates by reference all allegations of Paragraphs 1 through 13 above and further alleges the following.

15. At all material times, NORWEGIAN owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to maintain and operate the Spinnaker Lounge in a reasonably safe and secure manner, including taking reasonable steps to remove dangerous conditions from the dance floor that posed a risk of injury to passengers, such as the intoxicated, erratically moving passenger referenced in Paragraph 12 above.

16. At all material times, there existed a dangerous, risk-creating condition present on the dance floor within the Spinnaker Louge, to-wit: the large intoxicated, erratically moving passenger referenced in Paragraph 12 above.

17. At all material times, NORWEGIAN had actual and/or constructive notice of the risk-creating condition described in the preceding paragraph and the resulting risk of injury to the passengers dancing in the Spinnaker Lounge, including Plaintiff. Specifically, before falling on the Plaintiff, the large male passenger was visibly intoxicated and moving erratically around the dance floor for a sufficient amount of time that NORWEGIAN crewmembers who were or should have been monitoring and supervising the dance were or should have been alerted that his presence posed a risk of harm to the other dancing passengers in time to execute corrective measures to prevent the injury to Plaintiff.

18. At all material times, notwithstanding its actual or constructive notice of the risk creating condition as described above, NORWEGIAN failed to exercise reasonable care in the

maintenance, supervision and operation of the Spinnaker Lounge was thereby negligent. The specific acts and omissions which constitute negligence were one or more of the following:

    a. Failing timely to remove the visibly intoxicated passenger from the dance floor or from theSpinnaker Lounge in general;

    b. Failing to identify the intoxicated passenger as danger to nearby passengers;

    c. Failing to train its crewmembers to identify intoxicated passengers posing a danger to those around them;

    d. Failing to assign a sufficient number of crewmembers in the Spinnaker Lounge to remove or ameliorate dangers to passengers, such as the intoxicated passenger;

    e. Failing to assign crewmembers to Spinnaker Lounge to identify dangers or risks at the time Plaintiff was injured;

    f. Failing to timely or adequately summon crewmembers to Spinnakers Lounge to intervene prior to the intoxicated passenger's falling onto the Plaintiff's ankle;

    g. Failing adequately to supervise activities within Spinnaker's Lounge; and

    h. Failing to implement proper protocols, policies, and procedures for providing safety and security to passengers in Spinnaker's Lounge.

19. As a direct and proximate result of the negligent acts and omissions of NORWEGIAN as described above, the intoxicated passenger fell onto Plaintiff's ankle as described in Paragraph 12 and Plaintiff thereby has sustained and will continue in the future to sustain the damages alleged in Paragraph 13.

WHEREFORE, the Plaintiff demands judgment against NORWEGIAN for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT II
## NEGLIGENCE OF NORWEGIAN – DIRECT LIABILTY – FAILURE TO WARN

20. The Plaintiff adopts, re-alleges, and incorporates by reference all allegations of Paragraphs 1 through 13 above and further alleges the following.

21. At all material times, NORWEGIAN owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to warn passengers in the Spinnaker Lounge in a timely manner of the presence of risk-creating conditions such as the intoxicated, erratically moving passenger referenced in Paragraph 12 above.

22. At all material times, there existed a dangerous, risk-creating condition present on the dance floor within the Spinnaker Louge, to-wit: the large intoxicated, erratically moving passenger referenced in Paragraph 12 above.

23. At all material times, NORWEGIAN had actual and/or constructive notice of the risk-creating condition described in the preceding paragraph and the resulting risk of injury to the passengers dancing in the Spinnaker Lounge, including Plaintiff. Specifically, before falling on the Plaintiff, the large male passenger was visibly intoxicated and moving erratically around the dance floor for a sufficient amount of time that NORWEGIAN crewmembers who were or should have been monitoring and supervising the dance were or should have been alerted that his presence posed a risk of harm to the other dancing passengers in time to execute corrective measures to prevent the injury to Plaintiff, including warning passengers of the danger.

24. At all material times, notwithstanding its actual or constructive notice of the risk creating condition as described above, NORWEGIAN negligently failed to exercise reasonable care, specifically through its failure to warn passengers in the Spinnaker Lounge, through appropriately and timely delivered oral or written warnings, of the presence of and danger posed by the intoxicated passenger referenced in Paragraph 12 above, and was thereby negligent.

25. As a direct and proximate result of the negligent acts and omissions of NORWEGIAN as described above, the intoxicated passenger fell onto Plaintiff's ankle as described in Paragraph 12 and Plaintiff thereby has sustained and will continue in the future to sustain the damages alleged in Paragraph 13.

**WHEREFORE**, the Plaintiff demands judgment against NORWEGIAN for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT III
## NEGLIGENCE OF NORWEGIAN – VICARIOUS LIABILITY

26. The Plaintiff adopts, realleges, and incorporates by reference all allegations set forth in Paragraphs 1 through 13 above and further alleges the following.

27. At all material times, NORWEGIAN employed one or more crewmembers on board the "GEM" for the purpose of operating and supervising passenger activities in the Spinnaker Lounge.

28. At all material times, the crewmember or crewmembers assigned to operate and supervise passenger activities in the Spinnaker Lounge at the time of the events described in Paragraph 12 above above owed a duty to passengers, including the Plaintiff, to exercise reasonable care for passenger safety, including a duty to warn passengers of and/or remove risk creating conditions that posed a danger to passengers in Spinnaker Lounge.

29. At all material times, the crewmembers referenced in Paragraphs 27 and 28 were acting in furtherance of the business of the vessel, in particular the operation of the Spinnaker Lounge and supervision of passenger activities therein.

30. At all material times, NORWEGIAN was vicariously liable for any negligent acts or omissions of the crewmembers referenced in Paragraphs 27 and 28 above while acting in the scope of their duties and hence in furtherance of the business of the vessel.

31. At all material times, the NORWEGIAN crewmembers assigned to supervise and/or operate the Spinnaker Lounge, as described in Paragraphs 27 and 28, would or should have been reasonably attentive to the behavior of the passengers in the Spinnaker Lounge and thereby would or should have identified the intoxicated nature of the large male passenger described in Paragraph 12, his erratic movements, and the consequent danger he posed to fellow passengers on the dance floor, well before he fell on top of the Plaintiff's ankle as described in Paragraph 12 above.

32. The NORWEGIAN crewmembers described in Paragraphs 27 and 28 above failed to exercise reasonable care and thereby breached their duty of reasonable care owed to passengers including the Plaintiff by failing to warn passengers including the Plaintiff of the danger posed by, and/or to remove, the visibly intoxicated passenger before he fell on top of the Plaintiff's right ankle.  The crewmembers were thereby negligent.

33. As a direct and proximate result of the negligent acts and omissions of the NORWEGIAN crewmembers referenced above, for which NORWEGIAN is vicariously liable as alleged above, Plaintiff has sustained and will continue in the future to sustain the damages alleged in Paragraph 13.

**WHEREFORE**, the Plaintiff demands judgment against NORWEGIAN for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 16th day of April, 2024.

          **s/NICHOLAS I. GERSON**
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
filing@gslawusa.com
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
STEPHEN P. MATHENY
Florida Bar No. 1049813
smatheny@gslawusa.com
**GERSON & SCHWARTZ, P.A.**
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone:     (305) 371-6000
Facsimile:     (305) 371-5749